HARTFORD FIRE INS. CO. (HUMPHRY v.). See Cases Nos. 6,874 and 6,875.

HARTFORD INS. CO. (BROWN v.). See Case No. 2,009.

HARTFORD INS. CO. (SPRATLEY v.). See Case No. 13,256.

HARTFORD, P. & F. R. CO. (BARNARD v.). See Case No. 1,003.

———

## Case No. 6,161.

### In re HARTHILL.

[4 Ben. 448;[1] 4 N. B. R. 392 (Quarto, 131).]

District Court, S. D. New York. Jan., 1871.

CONVEYANCE BY BANKRUPT — FORM OF WARRANT — POWER OF THE COURT — PARTY.

1. In a proceeding in involuntary bankruptcy, a warrant was issued, commanding the marshal to take possession provisionally of all the property and effects of the bankrupt, and "of all the goods, assets and property lately conveyed, whether by bill of sale or otherwise, by the said Alexander Harthill to Joseph Henry." Under this warrant, the marshal took possession of certain property conveyed by the bankrupt to said Henry before the filing of the petition. Henry applied by petition to the court, for an order that the property be restored to him, al-

leging that the transfer to him was a bona fide purchase, and obtained an order restraining the marshal from any removal of the said property. A reference was ordered to take proof as to the validity and bona fides of the purchase made by Henry from the bankrupt, pending which the property which had been taken by the marshal was sold as perishable. On the evidence as reported, Henry moved for an order directing the delivery to him of the proceeds in the hands of the marshal. *Held,* that the warrant, in so far as it commanded the marshal to take possession of the property which had been conveyed by the bankrupt to Henry, transcended the power conferred on the court by the 40th section of the Bankruptcy act [of 1867 (14 Stat. 536)]. It should have stopped with commanding the marshal to take possession of the property of the debtor.

[Cited in Doyle v. Sharp, 74 N. Y. 157.]

2. Henry had only appeared in the matter for the purpose of obtaining relief against such warrant, he was not a party to the bankruptcy proceedings; the title of Henry to the property conveyed to him could only be tested in affirmative proceedings, instituted by the assignee in bankruptcy; and Henry was entitled to the proceeds of the property.

In this case, which was a proceeding in involuntary bankruptcy, a petition was filed on the 17th day of June, 1868. It stated, as an act of bankruptcy, a conveyance by the bankrupt of certain property to one Joseph Henry, which was alleged to have been fraudulent. On this petition, a warrant was issued, directing the marshal forthwith to "take possession provisionally of all the property and effects of the said Alexander Harthill, and of all the goods, assets and property lately conveyed, whether by bill of sale or otherwise, by the said Alexander Harthill to Joseph Henry, in said petition named." Under this warrant, the marshal took possession of certain property then in the possession of Henry. Henry applied at once to the court, on petition, alleging that the conveyance to him was a bona fide purchase by him of such property, and praying that the order of the court, requiring the marshal to take possession of the property conveyed to him by the bankrupt, might be vacated, and the marshal be restrained from removing the said property, or any portion thereof. On this petition, the court, on the 24th of June, 1868, granted an order to show cause why the petition should not be granted, and issued a temporary injunction forbidding the marshal from removing any of the property. Thereafter, a reference was ordered as to the bona fides of the purchase by Henry, pending which, the property was sold as perishable. Harthill was adjudicated a bankrupt, and an assignee was appointed, while the reference was still pending. On the coming in of the proofs taken under the order of reference, the matter came on to be heard on the petition of Henry.

F. N. Bangs, for Henry.

J. S. Ritterband and Gleason & Babcock, for assignee.

BLATCHFORD, District Judge. Irrespective of any determination of the question of

———

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

fact as to the validity and bona fides of the purchase made by Henry from the bankrupt, I am entirely satisfied that the warrant issued to the marshal, in so far as it commanded him to take possession of the property which had been conveyed by the bankrupt to Henry, transcended the power conferred on this court by the 40th section of the act. It should have stopped with commanding the marshal to take possession of the property of the debtor. The warrant was issued on the 17th of June, 1868. The marshal having, under the warrant, taken the property from Henry's possession, Henry came into this court promptly by a petition, on the 24th of June, 1868, and asked, by its prayer, that so much of the warrant as required the marshal to take possession of the property conveyed by the bankrupt to Henry, might be set aside. Such prayer must be granted, and the property so taken, or its proceeds, must be restored to Henry. He was no party to the proceedings wherein the warrant was issued, and, by presenting his petition for relief from the operation of the warrant, he does not make himself a party to the proceedings, or submit himself to the jurisdiction of the court, any further than is necessary to obtain the specific relief he asks. He is entitled to such relief, and to depart having obtained it, leaving the assignee in bankruptcy to take such affirmative proceedings against him, both in respect to the property which the marshal seized, and to the other property which was conveyed by the bankrupt to Henry, and to the proceeds of all such property, as may be proper. No such affirmative proceedings are before the court, instituted by the assignee. It is only as the result of them that he can have the relief which he now seeks by motion. Such proceedings must be taken by a pleading, making proper averments, and calling for an answer, on which an issue raised can be tried, leading to a determination which the aggrieved party can have reviewed. The proceeds of the property seized by the marshal from the possession of Henry, if they are in this court, are not in it as belonging to the estate of the bankrupt, nor can they be in it to be awarded according to the merits of the case, as between the bankrupt's creditors and Henry, unless they are rightfully in it. They are not rightfully in it. For all the purposes of Henry's petition, which is the only matter before the court, the property taken from Henry must be regarded as still in the possession of the marshal, it having been sold only because it was perishable, and the proceeds having been paid into court for safe keeping. The marshal's possession of the property having been taken under a warrant which was improperly issued against such property, the property must be released from the marshal's possession, and must revert to the possession of Henry, so far as any disposition of it on Henry's petition is concerned. Its proceeds must take the same course.